IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DIRECTV, INC. § | |
| § | |
| VS. § | |
| § | |
| ISMAEL LOZANO, GERALD MANTHEY § | CIVIL ACTION: B-03-094 |
| LUIS ERNESTO LONGORIA, CARLOS § | |
| MASSO, KLAUS MEYER, ABRAHAM § | |
| OCHOA, GEORGE RAMIREZ, PEDRO § | B-03-198 |
| SANDOVAL, ERIC SOLIS AND DUAINE § | |
| WOHLERS § | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Comes Now the Defendant **GEORGE RAMIREZ** (hereinafter "Defendant") by and through his undersigned counsel and in support of his Motion to Dismiss Count III of Plaintiff **DIRECTV, INC.'s** (hereinafter "Plaintiff") Complaint herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure states as follows:

I.

### FACTUAL ALLEGATIONS

Plaintiff, a California corporation alleges actions on the part of the Defendant, a resident of Brownsville, Cameron County, Texas which violates the Cable Communications Policy Act of 1984 (47 U.S.C. §§ 521, *et seq*,) and the Electronic Communications Policy Act of 1986, (18 U.S.C. §§ 2510, et seq), for violations of Texas law (TEX. CIV. PRAC. & REM. CODE §123, *et seq*). Specifically, Plaintiff alleges that Defendant has illegally possessed and used Pirate Access Devices in violation of 18 U.S.C. §2512(1)(b), a criminal statute, for which it may now recover damages pursuant to 18 U.S.C. §2520.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK

Defendant now moves this Court to dismiss Count III of the Complaint asserting that 18 U.S.C. §2512 does not afford Plaintiff a private right of action.

## ARGUMENTS

Defendant maintains that Count III of the Complaint must be dismissed because DIRECTV cannot bring a civil cause of action under the above enumerated title for defendant's alleged possession of devices in violation of 18 U.S.C. §2512.

On a Motion to Dismiss pursuant to Rule 12(b)(6), the Court must presume the truth of the factual allegations in the Complaint and draw all reasonable inferences in favor of the nonmoving party. Dismissal under 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See e.g. <u>Conley v. Gibson</u>, 355 U.S.C. 41, 45-46 (1957). Here, because of a civil or private cause of action is not permitted by U.S.C. § 2520 for the criminal proscriptions found in §2512, Plaintiff's Count III must fail.

18 U.S.C. § 2512, a violation of which may result in imprisonment and imposition of a fine, provides in relevant part.

> "(1) Except as otherwise specifically provided in this chapter any person who intentionally:
>
> > b.   manufactures, assembles, possesses or sells any electronic, mechanical or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communication, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce; …shall be fined under this title or imprisoned not more than five years.

The statute does not directly provide civil liability, nor does it indirectly suggest that Congress intended to provide such private recourse for its violation.

18 U.S.C. §2520, however, provides in relevant part that

> "(1) Except as provided in [18 U.S.C. §] Section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is <u>intercepted, disclosed or intentionally used</u> in violation in this chapter may in a civil action recover from the person or entity ...which engaged in that violation such relief as may be appropriate." (emphasis added).

Allegations that Defendant <u>intercepted, disclosed or intentionally used</u> the electronic communications of Plaintiff are already set forth in a separate count (Count II) of the Complaint alleging violation of 18 U.S.C. § 2511.

In **Flowers v. Tandy Corp.**, 773 F.2d. 585 (4th Cir. 1985), the Fourth Circuit of Appeals looked to the specific language of 18 U.S.C. § 2520 in finding no merit to appellees' assertion that §2520 expressly provides a private cause of action for violations of the criminal proscriptions of 18 U.S.C. § 2512

Plaintiff recently brought a similar action alleging violation of the provisions of 18 U.S.C. §§ 2512(1) and 2520 in the United States District for the Middle District of Florida, Orlando Division, in **DIRECTV, Inc. v. Thacker, et al,** Case No. 6-03-CV-239. There, the defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Count III of that Complaint asserting that 18 U.S.C. § 2512 does not provide DIRECTV a private right of action. Relying on **Flowers**, the district granted defendants' motion.

Accordingly, the allegations contained in Count III of Plaintiff's Complaint for alleged <u>criminal</u> violation of 18 U.S.C. §2512 will not support a <u>civil</u> cause of action.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court grant his Motion to Dismiss and enter an Order dismissing Count III of Plaintiff's Complaint for failing to state a cause of action.

Respectfully Submitted,

_____
Hon. Ricardo M. Adobbati
Fed. I.D. #18158
State Bar No. 00790208

134 E. Price Road
Brownsville, Texas 78521
(956) 544-6882 Phone
(956) 544-6883 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of June, 2003, I caused a copy of the foregoing Memorandum in Support of Motion to Dismiss to be placed in the U.S. Postal Service via First Class Mail, postage prepaid to Hon. Lecia L. Chaney, Rodriguez, Colvin & Chaney, 1201 East Van Buren, P. O. Box 2155, Brownsville, Texas 78522-2155 counsel for Defendant.

_____
Ricardo M. Adobbati